# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| L. H. H., a minor, by and through his mother and next friend, ESMERALDA HOLMAN HERNANDEZ, <br>       Plaintiff, <br><br> v. <br><br> GERALD HORTON, ANGELO BRADSHAW, CITY OF GARY, INDIANA, and GARY COMMUNITY SCHOOL CORPORATION, <br>       Defendants. | Cause No.: 2:13-cv-452-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant, City of Gary, Indiana's Motion to Dismiss [DE 22], filed on May 2, 2014. Plaintiff did not file a response, and the time to do so has passed.

## I. Background

Plaintiff's seven-count Complaint alleges that Plaintiff, a minor, was wrongfully brutalized by two Gary police officers during an incident at his school, Lew Wallace STEM Academy, in Gary Indiana. Plaintiff contends that Defendants are liable under 18 U.S.C. § 1983 for violations of his Constitutional rights and for a handful of pendent state-law claims.

The complaint alleges that the City of Gary is liable in two respects. First, Count Four of the Complaint contends that Gary is obligated to pay any tort judgment entered against Defendant Police Officers under Indiana Code § 34-13-4-1. Second, Count Two alleges that Defendant Officer Horton committed the state-law tort of battery against Plaintiff—Count Six, in turn, contends that Gary is liable for this alleged battery under a theory of *respondeat superior*. Count Six does not reallege any portions of the complaint relating to § 1983 liability.

## II. Analysis

Gary contends that all claims against it should be dismissed because there is *no respondeat superior* liability for municipalities under § 1983. Gary's motion is well-taken insofar as the Complaint alleges § 1983 liability against it. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government is responsible under § 1983." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Therefore, Gary, a municipality, can only be held liable for a constitutional violation under § 1983 if Plaintiff can demonstrate:

(1) an express policy that causes a constitutional deprivation when enforced;

(2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or

(3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012) (quoting *Estate of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)). The Complaint does not allege that there was an express policy or wide-spread practice that caused his constitutional deprivation. Neither does it allege that the injury resulted from the actions of someone with final policymaking authority. Dismissal of all § 1983 claims against Gary is hence appropriate.

This notwithstanding, Gary asks the Court to dismiss *all* claims against it. But, as laid out above, the two counts of the Complaint that explicitly relate to Gary's liability are based solely on state law. Gary presents no argument for why these state-law claims should be dismissed, and the

Court accordingly denies Gary's Motion to Dismiss insofar as it seeks to dismiss Plaintiff's pendent state-law claims against it.

### III. Conclusion

For these reasons, the Court **GRANTS in part and DENIES in part** Defendant, City of Gary, Indiana's Motion to Dismiss [DE 22]. The Court **GRANTS** the Motion insofar as it seeks dismissal of any § 1983 claims against it, but **DENIES** the Motion insofar as it seeks dismissal of Plaintiff's pendent state-law claims.

SO ORDERED this 2nd day of June, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record