# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| L. H. H., a minor, by and through his mother and next friend, ESMERALDA HOLMAN HERNANDEZ,<br>    Plaintiff,<br><br>    v.<br><br>GERALD HORTON, ANGELO BRADSHAW, CITY OF GARY, INDIANA, and GARY COMMUNITY SCHOOL CORPORATION,<br>    Defendants. | Cause No.: 2:13-CV-452-PRC |

## OPINION AND ORDER

This matter comes before the Court pursuant to this Court's December 2, 2014 Order on a Motion to Compel filed by Plaintiff on November 4, 2014. Defendants did not file a response to that motion, and the Court granted it, ordering Defendants to file complete responses to Plaintiff's written discovery requests by December 12, 2014. The motion did not ask for attorney fees. However, Federal Rule of Civil Procedure 37 states that fees and costs *must* be awarded to the prevailing party. Fed. R. Civ. P. 37(a)(5). There are a few exceptions to this rule, and the Court may only award fees after the losing side has had an opportunity to be heard on the issue. *Id.* The Court accordingly set deadlines for briefing on whether attorney fees should be awarded.

Defendants Gerald Horton, Angelo Bradshaw, and Gary Community School Corporation filed an Objection to Award of Attorney Fees [DE 30] on December 8, 2014. Defendant City of Gary filed its Response to Plaintiff's Motion to Compel and Objection to Attorney Fees [DE 31] on the same day. This matter became fully briefed on January 8, 2015. Defendants' objections, though not titled as motions, also ask that this Court's Order on the Motion to Compel be vacated. Plaintiff, in turn, asks for a new order compelling Defendants to comply with his discovery requests.

As mentioned, Federal Rule of Civil Procedure 37 provides that if a Motion to Compel is granted—"or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule provides three exceptions: (i) if the motion was filed before the movant attempted in good faith to get the discovery without court action; (ii) if "the opposing party's non-disclosure, response, or objection was substantially justified"; or (iii) if "other circumstances make an award of expenses unjust."

Defendants contend that they were in communication with Plaintiff's attorney and informed him that, due to medical issues with Defendant Horton and difficulty getting some other materials, extra time was needed to respond to Plaintiff's discovery requests. In spite of this, they contend Plaintiff still chose to file the Motion to Compel. They do not, however, allege that Plaintiff failed to confer in good faith before doing so. Instead, they represent that it was their understanding that Plaintiff would withdraw the motion and not seek fees once they had handed over discovery and in light of the extenuating circumstances. Defendant City of Gary's attorney also states that she had a family emergency, though she does not give any information regarding when or how long this interfered with her work on City of Gary's behalf, though it appears that this occurred sometime after this Court's Order on the Motion to Compel. Defendants also represent that they have now provided Plaintiff with the requested discovery responses and that fees are accordingly not warranted.

This last point is not well taken. Rule 37 grants attorney fees not only when a motion is

granted but also when compliance is achieved after the motion was filed. Fed. R. Civ. P. 37(a)(5)(A). As for their other arguments, it is puzzling that Defendants did not raise them in opposition to the original Motion to Compel. Defendants are correct that Plaintiff did offer to withdraw the motion if Defendants fully complied with his written discovery requests. But those who do not file responses risk having the Court rule on the motion without their input. Indeed, the Local Rules of this district provide that Courts may issue a summary ruling on a motion when the "opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). Further, as Plaintiff points out, Defendants did not provide discovery responses until well after the deadline to respond to the Motion to Compel had passed. They did not provide responses until shortly after this Court issued its ruling on that motion.

Aside from pointing to their private understanding that Plaintiff would withdraw the motion, Defendants do not offer any reason why they did not respond. Without this, the Court sees no reason why it should consider the new arguments they raise for why their position was justified since Defendants had ample opportunity to avoid the situation they now find themselves in.

But it would not make any difference if the arguments were considered. The briefs are short: each is two to three pages long. And the arguments are vague and undeveloped. They do not provide legal argument. Nor they do not include important specifics such as the dates of when communications or other events happened. Their argument is, in essence, that they were doing their best to get the discovery materials Plaintiff had requested. This, without some explanation of their position beyond the refrain that they thought Plaintiff would withdraw the motion, is insufficient. Defendants have failed to show that their position regarding the Motion to Compel was substantially justified. And they have not provided the Court with any convincing reason to think an award of fees

would be unjust. Defendants' objections are thus **OVERRULED** and their latent motions to vacate are **DENIED**.

As touched on above, Plaintiff also requests that this Court enter a new deadline for Defendants to serve him with responses to his discovery requests. He also asks that the Court order Defendant Gary Community School Corporation to provide an affidavit from a knowledgeable person in its control group to the effect that it has no documents pertaining to any of Plaintiff's document requests. These requests were not made in a motion and have not been briefed and are thus not properly before the Court. Further, Defendants have already been ordered to respond to Plaintiff's requests. The next step would not be to ask for another order compelling responses, but a request for sanctions for failure to comply with this Court's original order. The Court therefore **DENIES** this request **without prejudice**.

The Court **AWARDS** Plaintiff reasonable attorney fees and costs incurred in making the Motion to Compel. The Court **ORDERS** Plaintiff's attorney to file an affidavit detailing the costs and fees incurred in litigating the motion by February 2, 2015. Defendants may file objections by February 19, 2015, and, if objections are filed, Plaintiff may file a response no later than March 2, 2015. These briefs shall deal *solely* with the amount of fees. Argument about any other issue or any attempt to make a motion within these briefs will be disregarded.

SO ORDERED this 23th day of January, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record