UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

L. H. H., a minor, by and through his )
mother and next friend, ESMERALDA )
HOLMAN HERNANDEZ, )
    Plaintiff, )
     )
    v. )    Cause No.: 2:13-CV-452-PRC
     )
GERALD HORTON, ANGELO BRADSHAW, )
CITY OF GARY, INDIANA, and GARY )
COMMUNITY SCHOOL CORPORATION, )
    Defendants. )

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Compel and for Rule 37 Sanctions against Defendants Horton and Gary Community School Corporation [DE 47], filed on March 24, 2015. No response has been filed, and the time to do so has passed.

On December 2, 2014, this Court ordered Defendants to provide Plaintiff with complete responses to a number of his written discovery requests. Despite this Order, as well as numerous subsequent informal attempts by Plaintiff's attorney to get these documents, Defendants Horton and Gary Community School Corporation ("the School") have not provided him with complete responses to his interrogatories. The School's responses to his requests for production, moreover, are implausible; they consistently deny that the School has documents relating to this case. For example, in response to a request for "[a]ll documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and any Requests to Admit in this Case" the School responded "Defendants have none." DE 47-1 at 10.

Plaintiff asks that Defendants Horton and the School be ordered to provide him with complete responses to his interrogatories and that the School be ordered to provide him with an

affidavit from a control group member of the School stating that it has no documents responsive to his requests for production.

The Court finds this motion well taken in the main under Federal Rule of Civil Procedure 37, especially in light of Defendants' failure to respond to this motion. *See* N.D. Ind. L.R. 7-1(d)(4) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline."). The Court therefore **GRANTS with relief different than requested** Plaintiff's Second Motion to Compel and for Rule 37 Sanctions against Defendants Horton and Gary Community School Corporation [DE 47].

With respect to the interrogatories, the Court **ORDERS**

(1)  that the School answer the interrogatories served upon it through an authorized employee or employees who can provide all the information known to it and

(2)  that Defendant Horton provide a sworn answer to Plaintiff's Interrogatory No. 7.

With respect to the requests for production, the Court **FINDS** that the responses are incomplete under Federal Rule of Civil Procedure 34. That Rule requires the producing party to provide all documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 647 (E.D. Wis. 2011) (quoting *Walls v. Paulson*, 250 F.R.D. 48, 50 (D.D.C. 2008) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Kifle v. Parks & History Ass'n*, No. Civ. A. 98–00048, 1998 WL 1109117, at *1 (D.D.C. Oct. 15, 1998))). The refrain "Defendants have none" leaves the Court with significant doubts—especially in light of the responses'

implausibility at many points—about whether the requested documents might be within the School's custody or control but not in its physical possession. Accordingly, the Court **ORDERS** the School to perform a diligent search of its records and documents in its possession, custody, or control and to provide complete responses to Plaintiff's requests for production. It may well be that the School again says that it does not have these documents. Of course, this Court "cannot compel a party to disclose that which it does not have." *Slabaugh v. LG Electronics U.S.A., Inc.*, No. 1:12-CV-01020-RLY-MJ, 2015 WL 420012, at *3 (S.D. Ind. Jan. 30, 2015). But "if it comes to light that any such responsive documents *do* exist," the School and its attorneys "would be exposing themselves . . . to sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure." *Id.* Morever, failure to comply with this Order may also result in sanctions under Federal Rule of Civil Procedure 37(b).

The Court also **AWARDS** Plaintiff reasonable costs and attorney fees incurred in bringing this motion. *See* Fed. R. Civ. P. 37(a)(5). The Court **DIRECTS** Plaintiff's attorney to file an affidavit of fees and costs by **April 27, 2015**. A response may be filed no later than **May 7, 2015**. If a response is filed, Plaintiff may file a reply by **May 14, 2015**. These briefs shall deal *solely* with the amount of fees. Argument about any other issue or any attempt to make a motion within these briefs will be disregarded.

One final matter remains. Exhibit A to Plaintiff's motion includes Plaintiff's first and last name. Plaintiff is a minor, and Federal Rule of Civil Procedure 5.2 provides that, "[u]nless the court orders otherwise, in [a filing] that contains . . . the name of an individual known to be a minor, the filing may only contain . . . the year of the individual's birth [and] the minor's initials." Fed. R. Civ. P. 5.2(a). The filing violates this Rule, and the Court accordingly **DIRECTS** the Clerk of Court to

**SEAL** Exhibit A. The Court **ORDERS** Plaintiff to file a redacted version of this exhibit no later than **April 27, 2015**.

SO ORDERED this 21st day of April, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
