# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

L. H. H., a minor, by and through his )
mother and next friend, ESMERALDA )
HOLMAN HERNANDEZ, )
      Plaintiff, )
       )
    v. ) Cause No.: 2:13-CV-452-PRC
       )
GERALD HORTON, ANGELO BRADSHAW, )
CITY OF GARY, INDIANA, and GARY )
COMMUNITY SCHOOL CORPORATION, )
      Defendants. )

## AMENDED OPINION AND ORDER[1]

This matter is before the Court on Plaintiff's Second Motion to Compel and for Rule 37 Sanctions against Defendants Horton and Gary Community School Corporation [DE 47], filed on March 24, 2015. Defendants Gerald Horton and Gary Community School Corporation filed a response on April 21, 2015, and Plaintiff filed a reply on May 1, 2015.

On December 2, 2014, this Court ordered Defendants to provide Plaintiff with complete responses to a number of his written discovery requests. Despite this Order, as well as numerous subsequent informal attempts by Plaintiff's attorney to get these documents, Defendants Horton and Gary Community School Corporation ("the School") did not provided him with complete responses to his interrogatories. The School's responses to his requests for production, moreover, were implausible. For example, in response to the request for "[a]ll Documents which relate to, support and/or rebut any of the allegations or claims in Plaintiff's complaint in this action," the school stated "DEFENDANTS HAVE NONE AT THIS TIME." DE 59 at 10.

Since this motion was filed, it appears that Defendants Horton and Gary Community School Corporation have provided Plaintiff with satisfactory assurances that he will receive complete

---

[1] This Order supercedes the Court's April 21, 2015 Order, which was premature.

discovery responses. As Plaintiff puts it in his reply: he "believes that the several discovery matters that are the subject of Plaintiff's motion to compel have now been resolved, and a mechanism appears to be in place to provide any follow up discovery." DE 57 at 2.

The Court therefore **DENIES as moot** Plaintiff's Second Motion to Compel and for Rule 37 Sanctions against Defendants Horton and Gary Community School Corporation [DE 47] insofar as it seeks discovery responses.

Federal Rule of Civil Procedure 37, however, provides that an award of attorney fees and expenses is usually required when the motion is not granted, but "the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court turns to consider whether an award of fees and costs is warranted in this instance. There are three exceptions to the general rule that the prevailing party gets attorney fees and costs: (i) if the motion was filed before the movant attempted in good faith to get the discovery without court action; (ii) if "the opposing party's non-disclosure, response, or objection was substantially justified"; or (iii) if "other circumstances make an award of expenses unjust." *Id.*

Defendants Horton and the School contend that an award of fees is not warranted. They support this by saying that they have taken steps to fix the situation, that an answer to one of Plaintiff's interrogatories was omitted due to inadvertence and mistake, and that the person responsible for implausible responses to the Plaintiff's requests for production of documents has since retired. They also contend that Plaintiff failed to work diligently with Defendants to reach a solution.

These arguments are unpersuasive. Discovery has dragged on for a long time, and, contrary to their protests that Plaintiff rushed to court, the record shows that Plaintiff has made many attempts to resolve this dispute without filing a motion. Yet it was only after Plaintiff filed this Motion to

Compel that Defendants Horton and Gary Community School Corporation took real steps toward providing Plaintiff with the overdue discovery, and the other excuses they make are of little value in light of their repeated failures to work with Plaintiff before he filed this motion. Moreover, at least some of the materials Plaintiff sought were covered by this Court's December 2, 2014 Order on Plaintiff's First Motion to Compel. That Order was issued more than three months before Plaintiff filed this motion.

The Court finds that none of Rule 37(a)(5)'s exceptions apply and thus **GRANTS** Plaintiff's Second Motion to Compel and for Rule 37 Sanctions against Defendants Horton and Gary Community School Corporation [DE 47] insofar as it seeks an award of attorney fees and costs.[2] The Court **AWARDS** Plaintiff reasonable costs and attorney fees incurred in bringing this motion. The Court **DIRECTS** Plaintiff's attorney to file an affidavit of fees and costs by **May 15, 2015**. A response may be filed no later than **May 25, 2015**. If a response is filed, Plaintiff may file a reply by **May 29, 2015**. These briefs shall deal *solely* with the amount of fees. Argument about any other issue or any attempt to make a motion within these briefs will be disregarded.

Finally, the Court notes that Plaintiff has filed a redacted version of an attachment to his Motion to Compel. The original, which contained the full name of Plaintiff, who is a minor, shall remain **SEALED**.

SO ORDERED this 8th day of May, 2015.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE, PAUL R. CHERRY<br>
NORTHERN DISTRICT OF INDIANA

---

[2] The only sanction sought in the motion is that of attorney fees.